UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA MARTINEZ,<br>   Plaintiff,<br>  v.<br>AIRBNB, INC, et al.,<br>   Defendants. | Case No. 23-cv-02941-DMR<br><br>**ORDER ON MOTION TO REMAND**<br>Re: Dkt. No. 12 |

Pending before this court is Plaintiff Rosa Martinez's motion to remand. [Docket No. 12.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the court grants Plaintiff's motion. Plaintiff's request for attorneys' fees and costs is denied.

I.  **BACKGROUND**

The following facts are alleged in the complaint. [Docket No. 1-1 ("Compl.").] This case arises out of the October 5, 2022 death of 24-year-old Sebastian Mejia during his stay in an Airbnb rental property. Compl. ¶¶ 1-2. Plaintiff Rosa Martinez, who is Mr. Mejia's mother and the personal representative of his estate, filed a complaint asserting various state law claims against Defendants Airbnb, Inc., Airbnb Travel, LLC, and Airbnb Payments, Inc.

Plaintiff's complaint was submitted to the clerk of the San Francisco County Superior Court for e-filing on June 14, 2023. *See* Compl. at 58; [*see also* Docket No. 12 ("Mot.") at 8 ("Plaintiff's counsel submitted the complaint for mandatory e-filing . . . on June 14th, 2023 at 9:02 AM").] At that time, the clerk's review status of the complaint was "pending." [Docket No. 12-1 (Crawford Appleby Decl., Jul. 13, 2023) ¶ 2, Ex. A (screenshot received by Plaintiff's counsel on June 15, 2023 from filing and service vendor).]

On the same day, Defendants filed a Notice of Removal with the district court. [Docket

No. 1 (Notice of Removal).]  The Notice of Removal was later filed in state court on June 21, 2023.  [Docket No. 13-1 (Damali A. Taylor Decl., Jul. 27, 2023) ¶¶ 3, 4, Exs. B (copy of transaction report from File & ServeXpress for Airbnb's notice of filing of Notice of Removal, reflecting a date and time of filing of June 21, 2023 at 10:07 a.m. P.T.), C (copy of Airbnb's Notice of Filing of Notice of Removal, which was marked as filed on June 21, 2023 by the Deputy Clerk of the San Francisco County Superior Court).  The Notice of Removal identified Plaintiff's case as "temporary case no. T-23-979."  Notice of Removal at 2.  Plaintiff asserts that the San Francisco County Superior Court does not assign temporary case numbers.  Appleby Decl. ¶ 9, Ex. H (email exchange between Plaintiff's counsel and San Francisco County Superior Court e-filing clerk dated June 20, 2023 in which the clerk wrote: "[Plaintiff's] Complaint is currently under clerk review. Our court does not give out temporary case numbers, so I'm not sure what AirBnB has told you. But no complaint is on file yet, so there could not possibly be a notice of removal.").

Plaintiff's complaint was ultimately processed for filing by the clerk on June 20, 2023.  Appleby Decl. ¶ 3, Ex. B (copy of San Francisco County Superior Court's "Payments" page).  The case first appeared on the San Francisco County Superior Court's website on June 21, 2023.  *Id.*, Ex. E (copy of the list of cases appearing on the San Francisco County Superior Court website under "Search by New Filings" for searches performed on June 15, 19, 20, and 21).  The complaint was endorsed by the court clerk as "Electronically Filed" on June 14, 2023.  Taylor Decl. ¶ 2, Ex. A (copy of Plaintiff's complaint, marked by the San Francisco County Superior Court Deputy Clerk as electronically filed on June 14, 2023).

According to Plaintiff, Defendants became aware of Plaintiff's pending complaint through a legal technology product named CasePortal, created by media company Courthouse News Service.  *See* Appleby Decl. ¶ 7, Ex. F (email exchange between Plaintiff's counsel and Wendy Kolber, marketing manager for Courthouse News Service dated June 20 and 21, 2023 in which Kolber reported: "Yes we see and report cases made available to but not yet processed by the court. Every case with a number starting with a 'T' is such a case . . . All 19 cases created yesterday were not available to the public" and "our complaints are only available to our subscribers").

1  Plaintiff now moves to remand the case, arguing that removal was premature, procedurally
2  defective, and barred by the forum defendant rule. Plaintiff also seeks to recover attorneys' fees
3  and costs. [Docket Nos. 12 ("Mot."), 14 ("Reply").] Defendants oppose. [Docket No. 13
4  ("Opp'n").]

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that originally could have been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts are courts of limited jurisdiction and possess subject matter jurisdiction in civil cases based only on federal question or diversity jurisdiction. *Id.*; *see* 28 U.S.C. §§ 1331, 1332. The removing defendant bears the burden of establishing that removal was proper. *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating that the removal statute is "strictly construe[d]" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III. DISCUSSION

Plaintiff moves to remand the case on the basis that 1) removal was premature because the case was not yet filed in state court, 2) even assuming the case was filed in state court, removal is barred by the forum defendant rule, and 3) in any event, Defendants failed to file the notice of removal in state court before being served, as required by 28 U.S.C. § 1446(d).[1] For the reasons stated below, the court determines that the case was not yet filed in state court when Defendant filed the notice of removal. Therefore, it is unnecessary to reach Plaintiff's alternative arguments.

---

[1] The parties do not appear to dispute that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. *See* Notice of Removal at 3 (noting that: 1) Mr. Mejia was domiciled in and thus a citizen of Florida (citing Compl. ¶ 10) and Plaintiff, as Mr. Mejia's personal representative, is therefore a citizen of Florida; 2) Defendants believe Plaintiff, in her individual capacity, is also domiciled in and therefore a citizen of Florida (citing Compl. ¶ 21); and 3) Defendants are citizens of Delaware and California (citing Compl. ¶¶ 13, 14, [Docket No. 1-2 (Dan McDowell Decl., June 14, 2023) ¶ 2 ("Airbnb Travel, LLC is wholly owned by Airbnb, Inc.")]; *see also* Mot. at 12 (referring to removal based on diversity jurisdiction).

1    Plaintiff argues that removal was improper because the case was not yet a "civil action"
2 when Defendants filed the notice of removal, as required by 28 U.S.C. section 1441. Mot. at 12.
3 This is because the case was submitted to the clerk on June 14, 2023 but not accepted for filing
4 until June 20, 2023. *Id.* at 17. Defendant does not dispute that only a "civil action" may be
5 removed to federal court but insists that the case was properly filed at the time of removal. Opp'n
6 at 2. The parties agree that state law determines when a dispute is deemed a cognizable legal
7 action in state court for purposes of removal. *See* Opp. at 2 (citing *Bush v. Cheaptickets, Inc.*, 425
8 F.3d 683, 686 (9th Cir. 2005)).

9    28 U.S.C. section 1441(a) provides that "any civil action brought in a State court of which
10 the district courts of the United States have original jurisdiction, may be removed by the defendant
11 or the defendants[.]" In turn, California Code of Civil Procedure section 411.10 states that "a civil
12 action is commenced by filing a complaint with the court." At bottom, the parties disagree about
13 the meaning of the term "filing" in the context of removal – Plaintiff contends that the complaint
14 must be received and accepted before it is deemed filed, while Defendants claim that a complaint
15 is filed on the date it is received by the court.

16    Defendants' argument begins with California Code of Civil Procedure section
17 1010.6(e)(3), which governs the electronic service and filing of documents, and provides that
18 "[a]ny document received electronically by the court between 12:00 a.m. and 11:59:59 p.m. on
19 a court day shall be deemed filed on that court day." Relying on this section, Defendants contend
20 that this case was filed – and removable – on June 14, 2023, when Plaintiff's counsel e-filed the
21 complaint with the San Francisco County Superior Court.

22    Defendants' reading of section 1010.6(e)(3) ignores the statute's definitional language.
23 Specifically, section 1010.6(a)(1)(D) explains that:

> "Electronic filing" means the electronic transmission to a court of a document presented for filing in electronic form. For purposes of this section, *this definition of electronic filing concerns the activity of filing and does not include the processing and review of the document and its entry into the court's records, which are necessary for a document to be officially filed*.

28 (emphasis added). Read in conjunction, sections 1010.6(a)(1)(D) and 1010.6(b)(3) make clear that

4

a document is "officially filed" only once it undergoes processing, review, and entry into the court's records. Defendants do not cite any authority to support their interpretation of section 1010.6(e)(3).

The court's interpretation of section 1010.6 finds further support in the California Rules of Court, which supplement the statute. Rule 1.20 of the California Rules of Court states: "*Unless otherwise provided*, a document is deemed filed on the date it is received by the court clerk." (emphasis added). In turn, Rule 2.253(b)(6) provides that "[t]he effective date of filing any document received electronically is prescribed by Code of Civil Procedure section 1010.6. This provision concerns only the effective date of filing. Any document that is received electronically must be processed and satisfy all other legal filing requirements to be filed as an official court record." Rule 2.253(b)(6) and section 1010.6 jointly provide an exception to the general principle under Rule 1.20. Together, the provisions confirm that receipt of a document received electronically, like the complaint at issue here, does not mean that it will be filed as an official court record. *See also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (interpreting federal law outside the removal context, noting that "[a]n application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record"); *Duran v. St. Luke's Hosp.*, 114 Cal. App. 4th 457, 462 (2003) (holding in statute-of-limitations context that, where a filing fee is required, "the mere fact that the clerk received [a pleading] . . . [does] not constitute a filing" (quoting *Davis v. Hurgren*, 125 Cal. 48, 51 (1899)).[2]

Rule 2.259(a)(2) of the California Rules of Court also tracks several of the elements of section 1010.6(e) and provides the process by which an electronically submitted document is officially filed. It states:

> If the document received by the court . . . complies with filing requirements and all required filing fees have been paid, the court

---

[2] Defendants' attempt to distinguish *Duran* is unavailing. *See* Opp'n at 3. They contend that the case merely stands for the proposition that where a complaint is rejected for failure to pay the requisite filing fee, the court should consider the date the plaintiff tendered the correct filing fee in determining its timeliness. *Id.* According to Defendants, *Duran* does not apply here because Plaintiff's complaint was accompanied by the requisite filing fee and was not rejected. *Id.* Defendants' argument misses the point. That Plaintiff's complaint was not ultimately rejected by the clerk does not do away with the general rule first announced by the California Supreme Court in *Davis*.

5

> must promptly send the electronic filer confirmation that the document has been filed. The filing confirmation must indicate the date and time of filing and is proof that the document was filed on the date and at the time specified. The filing confirmation must also specify:
> (A) Any transaction number associated with the filing;
> (B) The titles of the documents as filed by the court; and
> (C) The fees assessed for the filing.

Cal. Rule of Court 2.259(a)(2).[3] Defendants contend that the language of Rule 2.259(a)(2) does not contradict "the well-established rule that a complaint is legally 'filed' at the time the clerk receives it." Opp'n at 4 (citing Cal. Rule of Court 2.259(c)). Rule 2.259(c) explains that "[i]f a technical problem with a court's electronic filing system prevents the court from accepting an electronic filing on a particular court day, and the electronic filer demonstrates that he or she attempted to electronically file the document on that day, the court must deem the document as filed on that day." Importantly, the rule states that "[t]his subdivision does not apply to the filing of a complaint or any other initial pleading in an action or proceeding." The plain language of Rule 2259(c) reveals that it does not support Defendants' position.

Defendants' reliance on California Government Code section 69846.5 also does not change the outcome. *See* Opp'n at 3. Defendants highlight that this section requires the clerk to

---

[3] San Francisco Superior Court Local Rule 2.11(M) resembles Rule 2.259(a)(2) of the California Rules of Court. It states in relevant part:

> Vendor must promptly send Users confirmation of the receipt of any document that Users have transmitted to Vendor for filing or lodged with the Clerk. Such confirmation must indicate the date and time of receipt stated in Pacific Time. The Clerk will review the document and transmit to the Vendor confirmation that the document has been reviewed, accepted, or rejected by the Clerk. The Clerk will electronically endorse any document accepted for filing in accordance with CRC 2.259(e), or will promptly transmit the Clerk's notice of rejection or amendment to the User through Vendor.

The San Francisco County Superior Court's instructions for electronic filing provide similar guidance. *See* E-filing special instructions, Superior Court of California, County of San Francisco, https://sf.courts.ca.gov/online-services/e-filing/e-filing-special-instructions. Under the section "Additional Information Re: Status of Transactions (or Documents)," the court instructs that a "pending" status indicates that "[t]he filing has been received by the court and is pending clerk review"; "e-filed" means "[t]he document is accepted by the court, file stamp applied, entered to the official court record and the image is viewable"; and "rejected" implies "[t]he document is not accepted by the court, the document will not be filed or entered to the official court record."

1  "endorse on each paper filed with the court the day, month, and year it is filed—just as the San
2  Francisco Superior Court endorsed Plaintiff's complaint as ELECTRONICALLY FILED on
3  06/14/2023." *Id.* (cleaned up).  This language simply mandates that, once filed, the clerk must
4  place the original date of receipt on the filing.  As Plaintiff points out, the statute does not address
5  the period between when the complaint was submitted and when the complaint was either
6  accepted or rejected by the clerk.

7  Next, Defendants cite *United Farm Workers of Am. v. Agric. Lab. Rels. Bd.*, 37 Cal. 3d 912
8  (1985) to support their position that "filing" refers to the "actual delivery of the petition to the
9  clerk at his place of business during office hours." Opp'n at 2.  *United Farm Workers* reviewed
10 whether a petition for writ of review of an Agricultural Labor Relations Board order was timely
11 filed.  37 Cal. 3d at 914.  The clerk's office rejected the petition without filing it, contending that it
12 was defective in several respects.  *Id.*  The defendants argued that the clerk properly refused to file
13 the defective document, and the union's petition was therefore untimely.  *Id.*  The California
14 Supreme Court disagreed, holding that "it cannot be the rule that the timeliness of a petition
15 depends on whether the clerk catches such technical defects.  Accordingly, we conclude that
16 'filing' for purposes of compliance with the time limits of Labor Code section 1160.8 means what
17 it does in all other contexts: actual delivery of the petition to the clerk at his place of business
18 during office hours."  The Supreme Court clarified: "We hold only that a defective petition may
19 not be dismissed for untimeliness under Labor Code section 1160.8 when it is delivered to the
20 appropriate clerk's office during office hours within the time limits set therein." *Id.* at 18.

21 The Supreme Court's narrow holding was later distinguished by *Duran*.  There, the court
22 explained that *United Farm Workers* "was considering a statute (i.e., Lab. Code. § 1160.8) that did
23 not require a filing fee, and the issue was not the commencement, but the continuation of litigation
24 already under way." 114 Cal. App. 4th at 461, 462.  For the same reasons, this court is not
25 persuaded that *United Farm Workers* is relevant here, where a filing fee is required to initiate a
26 civil action in California state court.  *See* Cal. Gov't Code § 70611.

27 Defendants also cite various cases analyzing the effective date of filing of a complaint for
28 statute of limitations purposes.  *See Carlson v. State of Cal. Dep't of Fish & Game*, 68 Cal. App.

7

1    4th 1268 (1998) (court clerk rejected complaint for technical failures causing plaintiffs to miss
2    their statute of limitations window); *Mito v. Temple Recycling Ctr. Corp.*, 187 Cal. App. 4th 276
3    (2010) (court clerk refused to file complaint as sanction for plaintiffs' failure to provide cover
4    sheet causing plaintiff to re-file after the applicable limitations period had expired); *Mentzer v.*
5    *Hardoin*, 28 Cal. App. 4th 1365 (1994) (reviewing timeliness of defendant's request for trial de
6    novo after judicial arbitration award was entered for plaintiff); *Loya v. Desert Sands Unified Sch.*
7    *Dist.*, 721 F.2d 279 (9th Cir. 1983) (analyzing timeliness of plaintiff's Title VII claim following
8    receipt of "right to sue" letter).

9        Determining whether a pleading was timely filed for statute of limitations purposes is
10   different from analyzing whether a pleading constitutes a civil action for purposes of removal.  As
11   one court has explained, those cases are "explicitly limited to contexts in which the expiration of
12   the statute of limitations is at stake—to prevent the manifest injustice of a clerk's refusal to file a
13   complaint depriving a plaintiff of the right to bring suit."  *See Casola v. Dexcom, Inc.*, No.
14   22CV1865-JO-MDD, 2023 WL 3184633, at *1 (S.D. Cal. Mar. 31, 2023) (granting motion to
15   remand in analogous circumstances, where defendant received notice of plaintiff's electronic
16   submission and removed the action one day before the complaint was officially filed).  The same
17   interest in preventing an injustice to plaintiff's right to bring suit is not present here; to the
18   contrary, allowing a defendant to prematurely remove a complaint would deprive plaintiffs of their
19   right to proceed in their chosen forum.

20       In light of the plain language of California Code of Civil Procedure section 1010.6 and the
21   California Rules of Court, the court concludes that Defendants' removal was premature and in
22   violation of section 1441(a) because it was filed before Plaintiff's civil action had commenced.
23   Accordingly, the court finds that remand is appropriate.

24   **IV.   REQUEST FOR ATTORNEYS' FEES**

25       Plaintiff requests an award of $4,936.00 associated with 12.34 hours of attorney time to
26   prepare the motion to remand and $1,426.77 in costs.  *See* Mot. at 22; Appleby Decl. ¶ 10.

27       The removal statute provides that "[a]n order remanding the case may require payment of
28   just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28

U.S.C. § 1447(c). "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018). The court maintains discretion to issue an attorneys' fees award under section 1447(c). *See id.* at 547-48.

In determining whether a removing party lacked an "objectively reasonable basis" for removal, this court is mindful that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). In *Lussier*, the Ninth Circuit explained that in determining whether removal was objectively unreasonable, a court should determine "whether the relevant case law clearly foreclosed the defendant's basis of removal," taking into account "clarity of the law at the time of removal." *Id.* at 1066.

The parties' briefing suggests that the question of whether a complaint is deemed "filed" at the time of receipt for purposes of removal has not been squarely addressed by the California courts. Indeed, neither party cites controlling authority addressing the precise factual scenario presented here, i.e., whether a defendant may remove a case as soon as the complaint is received but before it has been reviewed and officially accepted by the court clerk. Accordingly, the court cannot conclude that Defendants' attempt to remove this case was objectively unreasonable, and therefore denies Plaintiff's request for attorneys' fees and costs.

**V.     CONCLUSION**

For the reasons stated above, Plaintiff's motion is granted and the request for attorneys' fees and costs is denied. The Clerk shall remand this matter to the San Francisco County Superior Court and close the case.

**IT IS SO ORDERED.**

Dated: September 11, 2023

_____
Donna M. Ryu
Chief Magistrate Judge